UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

NICO TRINKHAUS,

      Plaintiff,

v.

MEEZAB AIR TRAVEL
MANAGEMENT COMPANY, INC.,

      Defendant.

19-CV-1605-LJV
DECISION AND ORDER

---

## **INTRODUCTION**

On November 25, 2019, the plaintiff, Nico Trinkhaus, filed a complaint alleging violations of the Copyright Act, 17 U.S.C. §§ 106, 501, 504-05. Docket Item 1. The defendant, Meezab Air Travel Management Company, Inc. ("Meezab Air"), failed to appear and defend this action, and after the time to do so expired, Trinkhaus asked the Clerk of the Court to enter a default. Docket Item 6. That default was entered on March 17, 2020. Docket Item 7.

On October 21, 2020, Trinkhaus moved for a default judgment, seeking $10,000 in statutory damages and $692 in attorney's fees and costs. *See* Docket Item 10. For the reasons that follow, the Court grants the motion but for less than the amount requested.

**BACKGROUND**

Trinkhaus is a professional photographer who licenses his photographs to online and print media sources.[1]  Docket Item 1 at 2.  Meezab Air is a domestic business corporation operating the travel website www.Meezabir.com.  *Id*.  At issue here is a photograph of Kuala Lumpur, Malaysia ("the photograph"), registered by Trinkhaus with the United States Copyright Office, Registration No. VA 2-104-395.  *Id*.  Trinkhaus retains full ownership of and copyright over the photograph.  *Id*.  Meezab Air used the photograph on its website without acquiring a license or permission from Trinkhaus.  *Id*. at 3.

Trinkhaus commenced this action on November 25, 2019.  The next day, Trinkhaus filed an affidavit of service attesting that Meezab Air was served on November 26, 2019, via the Office of the Secretary of State for the State of New York.  Docket Items 5.  Meezab Air did not answer or otherwise respond.

Following the default granted by the Clerk of the Court, no further action was taken in this matter until the Court issued an order requiring the plaintiff to show cause why this action should not be dismissed for failure to prosecute.[2]  Docket Item 9.

---

[1] On a motion for a default judgment, the court accepts as true the complaint's factual allegations, except those relating to damages, and draws all reasonable inferences in the moving party's favor.  *See Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009); *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (citing *Flaks v. Koegel*, 504 F.2d 702, 707 (2d Cir. 1974)).

[2] On July 27, 2020, Trinkhaus's former attorney, Richarard Liebowitz, filed a Notice of Order from the Southern District of New York alerting this Court to his misconduct in that district.  Docket Item 8.  On December 3, 2020, Liebowitz was suspended from practice in the Eastern District of New York and subsequently suspended from practice in this district as well on December 21, 2021.  *See* W.D.N.Y.

Trinkhaus timely responded to the order and moved for a default judgment.  Docket Items 16, 10.  On October 21, 2020, Trinkhaus filed an affidavit stating that Meezab Air had been served with that motion, Docket Item 12, but Meezab Air has not responded.

## LEGAL PRINCIPLES

### I. DEFAULT JUDGMENT

Federal Rule of Civil Procedure 55 addresses defaults and default judgments.  *See generally Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  If the plaintiff seeks a judgment for an amount other than a "sum certain," he then must "apply to the court for a default judgment."  Fed. R. Civ. P. 55(b).  That determination requires a multi-pronged analysis of: (1) liability, (2) equitable considerations, and (3) damages.  *See Randle v. AC Asset Servs. LLC*, 2020 WL 5757187, at *1 (W.D.N.Y. Sept. 28, 2020).

Even when the Clerk of the Court has entered a default, that "does not mean that a default judgment is automatically warranted."  *Farrington v. Fingerlakes1.com, Inc.*, 2020 WL 7350336, at *2 (W.D.N.Y. Dec. 15, 2020) (citing *Bricklayers & Allied Craftworkers Loc. 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Constr., LLC*, 779 F.3d 182, 187 (2d Cir. 2015).  In deciding whether to enter a default judgment, courts first address whether "liability is established as a matter of law when the factual allegations of the complaint are taken as true."  *Bricklayers*, 779 F.3d at 187 (citing *City*

---

Order, Dec. 21, 2020 (Geraci, C.J.).  Since January 5, 2021, Trinkhaus has been represented by attorney Craig B. Sanders.  Docket Item 14.

3

*of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)). "[I]t [is] the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (collecting cases).

Once liability is established, courts consider whether the balance of equities favors a default judgment. In addressing that issue, "[c]ourts [are] guided by the same factors [that] apply to a motion to set aside entry of a default." *Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d 114, 123 (E.D.N.Y. 2011). Those factors include: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron*, 10 F.3d at 96 (citations omitted).

If the court decides that the entry of a default judgment is legally and equitably warranted, it then determines the amount of damages. Although a default "is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1993). The court therefore must "conduct an inquiry . . . to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc., v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citation omitted). When the plaintiff seeks only statutory damages, however, a hearing is not required. *See Bass v. Diversity Inc. Media*, 2020 WL 2765093, at *3 n.1 (S.D.N.Y. May 28, 2020).

## II. COPYRIGHT INFRINGEMENT

To succeed on a copyright infringement claim, the plaintiff must prove

(1) ownership of a valid copyright and (2) the infringement of that copyright by the copying of an original work.  *See Kwan v. Schlein*, 634 F.3d 224, 229 (2d Cir. 2011).  "A properly plead[ed] copyright infringement claim must allege (1) which specific original works are the subject of the copyright claim, (2) that the plaintiff owns the copyrights in those works, (3) that the copyrights have been registered in accordance with the statute, and (4) by what acts during what time the defendant infringed the copyright." *Kelly v. L.L. Cool J., et al.*, 145 F.R.D. 32, 36 (S.D.N.Y. 1993) (citations omitted).

A certificate of "copyright registration made within five years of the first publication of a work constitutes prima facie evidence of the validity of the copyright in any judicial proceeding."  *Gaste v. Kaiserman*, 863 F.2d 1061, 1064 (2d Cir. 1988); *see also Sheldon v. Plot Commerce*, 2016 WL 5107072, at *11 (E.D.N.Y. Aug. 26, 2016).  But the failure to include a certificate of registration does not mean that the plaintiff has failed to prove he has a valid copyright.  *Whitehead v. Mix Unit, LLC*, 2019 WL 384446, at *2 n.2 (S.D.N.Y. Jan. 31, 2019).  "To determine whether the plaintiff's allegations are well pleaded, the Court applies the same standards that govern a motion to dismiss under 12(b)(6)."[3]  *Conan Props. Int'l LLC v. Sanchez*, 2018 WL 3869894, at *2 (E.D.N.Y. Aug. 15, 2018) (citing *Steginsky v. Xcelera Inc.*, 741 F.3d 365, 368 (2d Cir. 2014) (holding the district court properly applied the same standard for a motion to dismiss against one party and for a default judgment against another).  Therefore, on a motion for a default judgment in a copyright case, a party need only adequately plead

---

[3] To survive a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow [] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

ownership of a valid copyright that the defendant has infringed. *See Kelly*, 145 F.R.D. at 36.

## DISCUSSION

### I. LEGAL LIABILITY FOR COPYRIGHT INFRINGEMENT

The Court first evaluates whether Trinkhaus's allegations, taken as true, establish Meezab Air's liability. *See Bricklayers*, 779 F.3d at 187. That means Trinkhaus must have alleged that he owns the properly-registered copyright in a certain photo and that Meezab Air infringed upon his ownership interest by using the photo without permission. *See Kwan*, 634 F.3d at 229. He has done that.

The first three elements of a well-pled copyright claim—here, that the photograph is subject to the claim, that Trinkhaus owns the copyright to the photograph, and that the photograph is registered—are most easily established by a certificate of registration. *See Kelly*, 145 F.R.D. at 36. Nevertheless, "at the pleading stage, courts have accepted the registration number alone." *See Conan*, 2018 WL 3869894, at *3; *Whitehead*, 2019 WL 384446, at *2 n.2 (finding that absent a certificate of registration, a valid registration number was sufficient because it "correspond[ed] with a relevant entry in the United States Copyright Office's Public Catalog.").

Here, Trinkhaus did not submit a certificate of registration for the photograph, but he did submit a valid registration number and a copy of the United States Copyright Office's online public catalog. Docket Item 11-4. The catalog lists 24 photographs taken by Trinkhaus, first published in 2016 and registered in 2018 (registration number VA-2-104-395). *See id*. One of the registered photos—the photo at issue here—is

6

titled "Kuala Lumpur Daria Pool."  *Id*.  This photograph depicts a pool, and an individual in the pool, overlooking the city of Kuala Lumpur.  *See* Docket Item 1-1.

A registration number for a particular work, together with allegations that the defendant used that work without permission, are enough to establish liability in an unopposed motion for a default judgment in a copyright case.  *See Whitehead*, 2019 WL 384446, at *2 (holding that a registration number for a particular image and allegations that the defendant copied and sold t-shirts bearing that image on its website are sufficient to establish liability).  Because Trinkhaus has pleaded a valid registration number for "Kuala Lumpur Daria Pool," the photograph at issue here, he has plausibly pleaded that he owns the registered copyright to the photograph on which this action is based.  *See Kelly*, 145 F.R.D. at 36.

The fourth element requires plausible allegations of the defendant's infringement, including how and when the alleged infringement occurred.  *See id*.  In cases involving the online publication of photographs, other courts in this circuit have found a general timeframe of infringement sufficient because it would be "impractical" to require plaintiffs to attest to dates likely known only to the defendant.  *See, e.g., Conan*, 2018 WL 3869894, at *4 (holding Facebook screenshots showing the month and day the photograph was online sufficient) (citation omitted); *Elektra Ent. Gro., Inc. v. Barker*, 551 F. Supp. 2d 234, 239 (S.D.N.Y. 2008) (finding allegations of past and current infringement sufficient even though the complaint omitted the date or time of each instance of infringement).

Trinkhaus alleges that Meezab Air used the photograph on its website to advertise travel packages to Kuala Lumpur.  Docket Item 1 at 3.  Exhibits attached to

7

the complaint include a screenshot of Meezab Air's travel-packages webpage with the photograph posted alongside Kuala Lumpur travel information.  Docket Item 1-2.  Based on a screenshot of Meezab Air's site where the URL includes "201908," *id*., Trinkhaus estimates that the infringement occurred in August 2019, *see* Docket Item 11 at 3.  That is sufficient to establish infringement.

Accepting the facts in Trinkhaus's complaint as true, then, the Court is satisfied that without first obtaining permission, Meezab Air used the photograph in which Trinkhaus had a valid copyright.

## II. EQUITABLE FACTORS

Trinkhaus argues that the equities favor the entry of a default judgment because Meezab Air has "not appeared to rebut the[] presumptive evidence" of infringement.  Docket Item 11 at 3.  This Court agrees.  Meezab Air failed to appear or respond despite being served with the complaint, *see id.* at 2, and the motion for a default judgment, *see* Docket Item 12, and it has offered no reason to excuse its default.  That establishes willfulness.  *See Idir v. La Calle TV, LLC*, 2020 WL 4016425, at *2-3.  Not awarding Trinkhaus a default judgment obviously would prejudice him.  And, at least on the face of the complaint, there appear to be no meritorious defenses to Trinkhaus's claims.  The Court therefore turns to the only real issue presented by this motion—the issue of damages.

### III. DAMAGES

#### A. STATUTORY DAMAGES

The Copyright Act authorizes statutory damages ranging from $750 to $30,000 for the infringement of a copyrighted work. 17 U.S.C. § 504(c)(1). "[C]ourts have broad discretion to set the amount of the award within the statutory limits." *Philpot v. Music Times LLC*, 2017 WL 9538900, at *6 (S.D.N.Y. Mar. 29, 2017), *report and recommendation adopted*, 2017 WL 1906902 (May 9, 2017). In determining statutory damages, courts should consider:

> (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties.

*Bryant v. Media Right Prods., Inc.* 603 F.3d 135, 144 (2d Cir. 2010).

Here, because the defendant has not appeared, the Court has no way to evaluate several of these factors. But precisely because the defendant has not appeared, the Court assumes that Meezab Air willfully infringed the copyright and gained some advertising value in doing so. Moreover, the Court recognizes that awarding significant damages will serve to deter Meezab Air and others from using copyrighted photos without permission.

On the other hand, Trinkhaus has not submitted evidence of any financial loss resulting from Meezab Air's infringement. The plaintiff's failure to offer evidence of lost revenue suggests *de minimis* losses and factors into the calculus of assessing appropriate damages. *See, e.g.*, *Hirsch v. Sell it Social, LLC*, 2020 WL 5898816, at *4

(S.D.N.Y. Oct. 5, 2020) (finding losses *de minimis* where plaintiff did not provide an estimated licensing fee); *Farrington*, 2020 WL 7350336, at *6 (finding that failure to present evidence of lost revenue indicated *de minimis* losses and did not support a large award).

Courts in this circuit have consistently awarded no more than $5,000—and often less than that—in circumstances like those here. *See, e.g., Dermansky v. Telegraph Media, LLC*, 2020 WL 1233943, at *6 (E.D.N.Y. Mar. 13, 2020) (awarding $1,000 where "there [wa]s only one alleged act of infringement, there [we]re no cease-and-desist letters, there [we]re no requests for injunctive relief, and there [wa]s no evidence of actual harm"); *Farrington*, 2020 WL 7350336, at *6-8 (awarding $2,500 for republishing a single image); *Mantel v. Smash.com, Inc.*, 2019 WL 5257571, at *5 (awarding $2,500 for a single image); *Bass*, 2020 WL 2765093, at *5 (awarding $5,000 for a single image); *Mango v. BuzzFeed, Inc.*, 356 F. Supp. 3d 368, 374-77 (S.D.N.Y. 2019) (awarding $3,750 for a single image). Based on that precedent and the facts alleged here, the Court finds an award of $3,500 to be appropriate. An award well above the $750 minimum is warranted given Meezab Air's default and its failure to respond to the motion for a default judgment, and as a deterrent against future infringement. But absent evidence of actual loss, an award of more than $3,500 would be nothing more than a windfall.

### B.   ATTORNEY'S FEES & COSTS

The Copyright Act allows a successful plaintiff to recover attorney's fees and litigation costs. 17 U.S.C. § 505. Although the plaintiff's first attorney was suspended from practice in this district, *see supra,* "an attorney may recover legal fees for services

rendered prior to suspension . . . so long as the misconduct involved does not relate to the representation for which the fees are sought." *Vitalone v. City of New York*, 395 F. Supp. 3d 316, 324 (S.D.N.Y. 2019) (internal quotations omitted). The conduct resulting in the suspension here is unrelated to this matter.

The hourly rates charged in the reviewing court's district are presumptively the rates that the court should use in awarding fees. *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174-75 (2d Cir. 2009). Therefore, this Court considers the prevailing rate in the Western District of New York in determining a reasonable fee here. *See Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984) (considering the market rate for "similar services by lawyers of reasonably comparable skill, experience, and reputation"). The attorney who seeks fees bears the burden of "provid[ing] evidence that the requested hourly rates are the prevailing market rates." *Reilly v. Plot Com.*, WL 6837895, at *12-13 (S.D.N.Y. Oct. 31, 2016) (internal quotations omitted).

Trinkhaus seeks $252 in attorney's fees and $440 in costs. *See* Docket Item 10. His attorney submits that his rate in this district is $180 per hour. Docket Item 11 at 8. That is indeed quite reasonable. *See, e.g., Farrington*, 2020 WL 7350336, at *7 (awarding $288 in attorney's fees and $440 in costs in similar circumstances); *Mantel*, 2019 WL 5257571, at *4 (finding $180 per hour reasonable when compared to similar cases in the district); *Sadowski v. Roser Commc'ns Network, Inc.,* 2020 WL 360815, at *6 (N.D.N.Y. Jan. 22, 2020) (awarding $570 in attorney's fees and $440 in costs in similar circumstances). Counsel claims that he spent 1.4 hours drafting and filing the pleadings and motions in this matter. Docket Item 11. That is quite reasonable as well.

The Court therefore awards the requested $252 in attorney's fees. The Court also awards $440 in costs under 17 U.S.C. § 505.

## **ORDER**

In light of the above, IT IS HEREBY

ORDERED that Trinkhaus's motion for a default judgment is granted in part; and it is further

ORDERED that Trinkhaus is awarded $3,500 in statutory damages; and it is further

ORDERED that Trinkhaus is awarded $692 in attorney's fees and costs; and it is further

ORDERED that the Clerk of the Court shall enter judgment against the defendant in the amount of $4,192; and it is further

ORDERED that the Clerk of the Court shall close this case.

SO ORDERED.

Dated:   April 12, 2021

        Buffalo, New York

*[signature: L. Vilardo]*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE